RAILWAY COMPANY *v.* WILSON, Adm'r.

(*Nashville.* January 2, 1890.)

RAILWAY COMPANIES. *Injury to employes running trains. Contributory negligence that defeats action.*

For the death of one of the crew operating a railway train, occurring in a collision caused by the negligence of the engineer in charge of the other colliding train, the railway company is not responsible if the deceased had, in violation of known rules of the company, voluntarily and needlessly left his post of duty and sought a more exposed and dangerous position on the train, where he was killed, when, if he had remained at his own place, he would not have been injured.

---

FROM MAURY.

---

Appeal in error from Circuit Court of Maury County. E. D. PATTERSON, J.

Action by J. W. Wilson, Administrator of W. M. Wilson, deceased, against the Louisville and Nashville Railroad Company for damages for the alleged negligent killing of said decedent. Judgment for the plaintiff below. Defendant appealed and assigned errors.

BAXTER & HUTCHESON and HUGHES & HATCHER for Railway Company.

FIGURES & PADGETT and TAYLOR & FOWLER for Wilson.

TURNEY, Ch. J. Wilson, baggageman on the Louisville and Nashville Railroad, was killed in a collision of an accommodation train going south with a single engine going north. The accident resulted from the negligence of the engineer on the single engine in failing to take the side-track at Godwin and await the coming of the accommodation. His orders were that he should so run as to keep out of the way of all regular trains, clearing all trains at least ten minutes. Wilson had been in the service of the company for about three years, part of the time as special conductor. At the time of the accident, he and another besides the engineer and fireman were riding in the engine, and, just before the accident, was seen sitting on the fireman's seat. As baggage-master the deceased was a trainman. It is a rule of the company "that the duties of conductors or trainmen do not require them to ride or remain on the engine, and they are prohibited from doing so."

"When, on duty the baggage-master must not leave his car unless it be securely locked, and then only for as short a time as possible."

The deceased had a book of rules.

The proof is, and the fact is necessarily that way, that the engine is the most dangerous part of a train in case of collision. Trainmen, in-

cluding the baggage-master, are employed for certain defined duties; and it is, whether expressed or not, a part of their undertaking that they will attend to these duties and observe the rules of the company made for their execution. It is the duty of the company to make the best and safest regulations for the protection of its employes. The purpose and good sense of the rules cited are apparent on a bare statement.

The obligation of the employe to obey reasonable rules intended for his safety may not be disregarded with impunity. It is reasonably certain that if the deceased had been in performance of the duty assigned him on the train, and in the position required by the rules, he would have escaped, as it appears that one in his seat in the baggage-car escaped unhurt. There is no pretense of a call by duty to the engine, nor is the presence of Wilson there attempted to be explained. We must therefore conclude that he was out of his line of duty. His negligence was, at the least, equal to that of the engineer on the special engine; both were disobeying orders of equally vital importance to them.

The Court should have charged, as requested: "If the jury find that the intestate, W. M. Wilson, was employed as baggageman on the train of defendant; that his post of duty as such was in the baggage-car, and that said intestate voluntarily left his post of duty and sought a position on the engine, where he was forbidden to be by

the rules of the company, and where he was exposed to greater danger than he would have been had he remained in the baggage-car; and if the jury find that whilst in that position he was killed by the negligence of the engineer on the special engine, and they further find that he would not have been injured if he had been at his post of duty, then the plaintiff cannot recover."

While railroad companies should, by reason of the very dangerous character of the duties to be performed, be held to the strictest accountability for the consequences of negligence, they can only operate through agents, who must also be held to strict account for their conduct, especially to their employer. We know that men, by constant exposure to danger, become almost indifferent to it, and often take desperate risks—a good reason why Courts should remind them that such risks are their own, and not their employer's. Enforce the mutual duties of employer and employed and accidents will diminish.

Reverse the judgment.